82,599-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE DAVID HAYWOOD     WRIT # - 82,599-01

                          TRIAL # 10826 JD-HC-1

ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM THE 1ST DISTRICT COURT OF JASPER COUNTY TEXAS

COMES NOW, EX PARTE DAVID HAYWOOD TO MOVE THE COURT TO REVIEW OR RELOOK AT THE DENIAL OF HIS ART. 11.07 WR.

DUE TO SOME FORM OF MISTAKE OR ERROR BY THE COURT OR LAW CLERK.

THE APPLICANT WAS CHARGED AND CONVICTED WITH HIS TWO BROTHERS SHANE AND JOHN MATTHEWS IN JASPER COUNTY TEXAS FOR CAPITOL MURDER.

THE APPLICANT'S WR.# 82,599-01 WAS DENIED BY MISTAKE OR ERROR.

THE APPLICANT RAISED THE SAME GROUNDS IN HIS WR# 82,599-01 , TRIAL CT# 10826 JD-HC-1, AS HIS BROTHER'S AND WE USED SAME BRIEF'S EXHIBIT'S AND I ARGUE THAT ALL 3 OF OUR ATTORNEY'S WAS DEFICIENT.

WE WAS ALL TRIED TOGETHER AND CONVICTED AND SENTENCED TOGETHER ON THE SAME EVIDENCE AT TRIAL.

SEE EXHIBIT A1-A2. THIS COURT'S ORDER RETURNING THE WRIT BACK TO THE TRIAL COURT TO ADDRESS ISSUES IN OUR WRIT'S.

1

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

THE APPLICANT HAYWOOD'S ART. 11.07 WR# 82,599-01 , FROM TR.# 1082650-HC-1 , SHOULD OF BEEN ALSO RETURNED TO THE TRIAL COURT TO MAKE FINDINGS AND FACT AND ORDER COUNSEL(S) TO RESPOND AS THIS COURT DID HIS 2 'BROTHER' ART.'S 11.07'S (JOHN AND SHANE MATTHEWS).

DAVID Lewis Haywood
David Lewis Haywood #1755637
APPLICANT

March 9-2015
DATE

RESPECTFULLY SUBMITTED.



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,374-01

### EX PARTE JOHN LAWRENCE MATTHEWS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10823JD-HC-1 IN THE 1ST DISTRICT COURT FROM JASPER COUNTY

*Per curiam.*

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction in *Matthews v. State*, No. 13-12-00052-CR (Tex. App.—Edinburg–Corpus Christi July 25, 2013)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances,

A1

additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel: (1) failed to file a motion to suppress the evidence that was obtained by a warrantless search of the crime scene, (2) failed to file a motion to suppress Applicant's DNA that was taken illegally, (3) failed to argue that Applicant was arrested without a warrant, (4) failed to argue that Applicant was arrested using an illegal GPS phone track (5) failed to object to the autopsy report, (6) failed to obtain an expert to challenge the State's theory of the victim's death, (7) failed to interview a witness and his girlfriend who could have testified that they saw Jason Brown, not Applicant, exit the room after the victim fell through the motel window, and (8) failed to send the evidence to an independent lab for review. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish